# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

RENDERED: AUGUST 24, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2005-SC-0895-WC



DATE 9-14-06 E. A. Groves, DC

CARITAS MEDICAL CENTER        APPELLANT

V.

APPEAL FROM COURT OF APPEALS
2005-CA-0380-WC
WORKERS' COMPENSATION NO. 00-61457

LYNDA STOUT; HON. HOWARD E. FRASIER, JR.,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD        APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Fawbush v. Gwinn, 103 S.W.3d 5 (Ky. 2003), and its progeny stand for the principle that when the evidence supports the application of both KRS 342.730(1)(c)1 and 2, an Administrative Law Judge (ALJ) must choose the subsection that is more appropriate under the facts. After conducting a Fawbush analysis, an ALJ awarded benefits to the claimant under KRS 342.730(1)(c)1, reasoning that Caritas eliminated the sedentary position into which she was transferred, that another employer was unlikely to accommodate her condition, and that her physical condition made it unlikely that she would be able to earn the same or a greater wage for the indefinite future. The Workers' Compensation Board and the Court of Appeals affirmed.

Appealing, Caritas asserts that there was insufficient evidence of substance to support the award and that benefits under KRS 342.730(1)(c)1 were inappropriate

during the weeks that the claimant continued to earn the same or a greater wage. Having concluded that the decision to award benefits under KRS 342.730(1)(c)1 was reasonable under the evidence and that the duration of the award was consistent with the plain language of the statute, we affirm.

Fawbush v. Gwinn, supra, involved an individual who, as of the hearing, earned a greater wage than at the time of his injury but worked outside his restrictions and required more than the prescribed amount of narcotic pain medication to do so. The court found the ALJ's application of KRS 342.730(1)(c)1 to be appropriate because overwhelming evidence indicated that the worker would be unable to continue in the employment indefinitely.

The court explained subsequently in Adkins v. Pike County Board of Education, 141 S.W.3d 387 (Ky. App. 2004), that the Fawbush analysis includes a broad range of factors, only one of which is the ability to perform the current job. The standard for the decision is whether the injury has permanently altered the worker's ability to earn an income. If an individual returns to work at the same or a greater wage but is unlikely to be able to perform work from which to earn such a wage indefinitely, then the application of KRS 342.730(1)(c)1 is appropriate.

The claimant was born in 1965 and has a high school education as well as training in medical coding and phlebotomy. She began working for Caritas in 1996, as a nurse's aide. Later, she transferred to patient registration. On October 17, 2000, while working on a part-time basis, the claimant injured her left foot when she slipped and fell on a wet floor. The injury eventually required two surgeries, one on the peroneal tendon and a second to remove bone and sever a nerve in an attempt to relieve her pain.

The claimant returned eventually to a sedentary, full-time job in Caritas's business office. At the deposition and hearing, she described severe pain in her left foot and lower leg and testified to discomfort when her foot was touched by even bed covers or socks. She explained the difficulty with which she worked but stated that she was able to obtain treatment at work because her treating physician, Dr. Peters, also worked at Caritas. She stated that she had worked for about 2 ½ years after the injury, but Caritas was eliminating her job because it was moving its business office to Pennsylvania. She doubted that another employer would accommodate her condition.

In an initial opinion and award, an ALJ awarded numerous periods of temporary total disability for which the employer had paid benefits voluntarily. The ALJ found that the claimant retained a 33% impairment from the injury but was only partially disabled. Noting that the claimant would be unable to perform work for which she had previous training and experience, the ALJ awarded vocational rehabilitation benefits. Based on the claimant's return to work at the same or a greater wage, the ALJ awarded partial disability benefits under KRS 342.730(1)(b) and (c)2 from April 30, 2002. The Board vacated and remanded that portion of the award under Kentucky River Enterprises, Inc. v. Elkins, 107 S.W.3d 206 (Ky. 2003), because the ALJ failed to consider whether the claimant would be able, physically, to continue for the indefinite future to do work in which she could earn the same or a greater wage.

On remand, an ALJ awarded benefits under KRS 342.730(1)(c)1. When analyzing the evidence, the ALJ noted that continuing problems with foot ulcerations sometimes prevented the claimant from wearing shoes. Her hearing testimony indicated that her symptoms had worsened over time and affected her entire leg up to her hip. At times she required epidural or trigger point injections to be able to work, and

illness after taking an epidural catheter sometimes caused her to miss two weeks' work. The ALJ noted that Dr. Peters diagnosed severe reflex sympathetic dystrophy and suggested that she quit working. Although he observed that she had a higher pain tolerance than the vast majority of his patients, he thought that she would not be able to "soldier on" much longer. Convinced that the claimant was unlikely to continue to earn the same or a greater wage for the indefinite future, the ALJ noted that the employer offered no evidence to rebut the claimant's testimony that she was unlikely to find another employer who would allow time off for disabling bouts of pain and the resulting epidural treatments. The ALJ concluded that the employer probably tolerated the absences because it would be moving the office in the near future and found it inefficient to hire a replacement.

Caritas argues that the claimant's ability to return to work for 2 ½ years, for longer hours and at a higher wage, demonstrates that she can continue to do so for the indefinite future. It asserts that she was eligible for other positions when her job was transferred to Pennsylvania and that she offered no evidence that she was incapable of other work at the same rate of pay. It also asserts that there was conflicting medical evidence regarding the extent of her impairment and the severity of her symptoms.

Contrary to Caritas' assertion, the evidence indicated that it had moved the entire business office to Pennsylvania and nothing indicated that it had other positions that would allow the claimant to continue working. The ALJ had the authority to draw reasonable inferences from the evidence, to weigh conflicting evidence, and to decide whom and what to believe. McCloud v. Beth-Elkhorn Corp., 514 S.W.2d 46 (Ky. 1974), made it clear that the mere existence of evidence that would have supported a different decision is not an adequate basis for reversal on appeal. The ALJ's finding was

-4-

reasonable under the standards established in <u>Fawbush v. Gwinn</u>, <u>supra</u>, and its progeny and, therefore, may not be disturbed on appeal.

Caritas's second argument is that the ALJ erred by awarding benefits under KRS 342.730(1)(c)1 during the 2 ½ years that the claimant continued to work. Citing no authority, it asserts that regardless of whether KRS 342.730(1)(c)1 or 2 applies, enhanced benefits should only be paid for the portion of the compensable period that remained when the claimant ceased working. This argument ignores the plain language of KRS 342.730(1)(c). As the dissent in <u>Fawbush</u>, <u>supra</u> at 13, pointed out, the majority's decision permitted the worker to "not only earn a higher wage than before his injury but also draw <u>triple</u> the benefits otherwise payable under subsection (b)." (emphasis original). The legislature has not seen fit to amend the provision since <u>Fawbush</u> was rendered; therefore, we conclude that it assents.

The decision of the Court of Appeals is affirmed.

Lambert, C.J.; and Graves, Minton, Scott, and Wintersheimer, JJ., concur. Roach, J., concurs in result only. McAnulty, J., not sitting.


COUNSEL FOR CARITAS MEDICAL CENTER:

Laurie Goetz Kemp
Woodward, Hobson & Fulton, LLP
2500 National City Tower
Louisville, KY 40202


COUNSEL FOR LYNDA STOUT:

Christopher P. Evensen
Tamara Todd Cotton
Laura Beasley Apple
Cotton & Evensen, PLLC
429 West Muhammad Ali Blvd.
1102 Republic Building
Louisville, KY 40202